

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney
Menard, Texas

Dear Sir:

Opinion No. O-3469
Re: Right of landowner to pay
taxes on homestead alone,
the same having been fore-
closed on along with other
land and sold to the State
under Article 7345b, Vernon's
Annotated Civil Statutes.

From your letters of April 26 and May 1, 1941, along
with copies of the various papers in the case which you have
kindly furnished to us we gather the following facts:

On September 20, 1938, the State of Texas and
County of Menard filed suit against Frank L. Wilson
for the foreclosure of delinquent taxes on three
adjacent lots in the City of Menard, Menard County,
Texas. The City of Menard and Menardville Indepen-
dent School District were impleaded as defendants
and thereafter intervened in the suit seeking fore-
closure on delinquent taxes due them respectively.

On October 4, 1938, the court entered judgment
in favor of the State and both intervenors for taxes,
interest and penalties in the total sum of $296.11
and costs of suit. Order of sale issued on November
1, 1938, in pursuance of which the Sheriff sold all
three lots on December 6, 1938, to the State for the
amount of the judgment and costs, for the use and
benefit of the various taxing units who had thus
established their tax claims and liens. The Sheriff
made his deed accordingly on December 6, 1938.

Now on April 9, 1941, another order of sale has
been issued by the District Clerk directing the Sheriff

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or any Constable of Menard County to seize and sell such property "as provided by Article 7328 of the Revised Civil Statutes" for the purpose of satisfying said judgment. Notice has been given by the Sheriff that he will sell the property at public auction on May 6, 1941. It appears that Mr. Wilson now desires to pay such part of the delinquent taxes so foreclosed upon as were against one lot which he claims as his homestead, together with taxes accruing on that lot since the date of foreclosure, without paying on the other two lots.

You request our opinion in response to these three questions:

1. "Can the party pay on the lot that was ORIGINALLY his homestead, and leave the remaining property in the judgment and in the deed to the State of Texas UNPAID?"

2. "Or, must all property in the deed to the State of Texas be paid on, if any is paid?"

3. "If the taxes cannot now be paid by the former owner on his ORIGINAL HOMESTEAD, and not the other property (as the 2 year period of redemption has expired) and all of the property is again offered for sale by the Sheriff to the highest bidder on May 6th, as advertised, CAN THE SHERIFF OFFER THE PROPERTY TO BIDDERS in separate tracts, or MUST THE PARTY BIDDING ON SAME, BID ON ALL OF THE PROPERTY INCLUDED IN THE DEED TO THE STATE OF Texas?"

We have examined the copies of the papers in the above proceeding for the purpose only of fixing material dates and of determining the statute under which the proceeding was had. We have not studied the same with reference to any possible questions of irregularity of procedure.

The proceedings appear to have been had under S. B. 477, Regular Session, 45th Legislature, being Article 7345b, Vernon's Annotated Civil Statutes. It is so expressed in the pleadings of all parties plaintiff and intervenor. In the judgment the reasonable value of the property is fixed at $500.00 in accordance with the provisions of Section 5, of S. B. 477,

Acts of the 45th Legislature, and redemption is expressly authorized by the judgment as set out in Section 12 of said Article 7345b. Other provisions therein show quite clearly that the court was following that statute. The order of sale dated November 1, 1938, contains features identifying it as an order issued in compliance with Sections 7 and 8 of such Act. The Sheriff's return thereon shows a sale to the State for the use and benefit of itself and the other taxing units. And, the deed likewise professes to follow Article 7345b. The above being true, we do not believe that statute may now be abandoned and a sale be had contrary to its provisions under Article 7328, Revised Civil Statutes. We think it appears rather clearly from Section 9 of Article 7345b that when land is bought at the first sale by one taxing unit in trust for all the taxing units adjudged to have tax liens against the same the sheriff may not sell the land until six months after the expiration of the period of redemption. This would be two and a half years after the first sale. That period has not expired in this case and it is suggested that the sale contemplated not be held.

After the land was sold the right of the owner to discharge his obligation by simply paying the taxes accrued thereon no longer existed. Thereafter he was relegated to redemption or purchase. Since the period of redemption has expired he can no longer as a matter of right exercise that privilege.

If all taxing units consent, the purchasing unit -- in this case the State, deed to be by the Attorney General -- may sell the property. Or, sale may be made by the Sheriff to the highest bidder as provided in the second paragraph of Section 9, upon written request of one of the interested taxing units. As already indicated, however, the sheriff may not so sell until six months have passed following the expiration of the period of redemption. At this sale the former owner may be a purchaser, and if the property is severable or divisible in kind it may be sold in parcels.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED MAY 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:db

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN